RECEIVED CLERK'S OFFICE

2010 NOV 18 P 3:02

 CLERK'S OFFICE
DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON, SC

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Renardo Singleton, # 255593, | ) C/A No. 9:10-2667-CMC-BM |
| Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| Warden Levern Cohen, | ) |
| Respondent. | ) |

The petitioner is an inmate at the Ridgeland Correctional Institution, part of the South Carolina Department of Corrections. Petitioner is serving concurrent ten-year sentences for assault and battery of a high and aggravated nature (ABHAN), strong arm robbery, and common law robbery. His convictions were entered in the Court of General Sessions for Williamsburg County on October 12, 2004, pursuant to guilty pleas.

No direct appeal was filed in the petitioner's criminal case. However, the Public Index on the Williamsburg County Clerk of Court website reveals that the petitioner filed an application for post-conviction relief (Case No. 2010-CP-45-00422) on Thursday, October 14, 2010.[1] Since the petitioner delivered the pleadings in the above-captioned case to prison officials for mailing on October 13, 2010, it appears that the above-captioned case and the petitioner's application for post-

---

[1]The information appears at http://publicindex.sccourts.org/williamsburg/publicindex.



1

conviction relief were delivered to prison officials for mailing almost contemporaneously. Hence, in an order filed in this case on October 21, 2010, the undersigned directed the petitioner to submit a motion to proceed *in forma pauperis* or pay the five-dollar ($5) filing fee and to provide information, in Answers to Special Interrogatories, about his pending post-conviction case.

In his Answers to the Court's Special Interrogatories (ECF No. 8), the petitioner indicates that, in the pending application for post-conviction relief, he has alleged that he is being held illegally after the expiration of his ten-year sentence and that the South Carolina Department of Corrections is refusing to honor the Judge's order giving him "All credit for time served pursuant" to S.C. Code Ann. § 24-13-40. A comparison of Ground One in the Section 2254 petition in the case at bar (ECF No. 1, at page 5) and the petitioner's summarization of the ground(s) raised in the pending post-conviction case (ECF No. 8) shows that the matters at issue in this habeas corpus action are also the subject of the pending post-conviction case (Case No. 2010-CP-45-00422).

*Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings and the Form AO 240 (motion to proceed *in forma pauperis*) pursuant to the procedural provisions of 28 U.S.C. § 1915, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). As the petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S.



2

5, 9-10 & n. 7 (1980)(*per curiam*); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, the petition is subject to summary dismissal, as the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

As noted, the Public Index on the Williamsburg County Clerk of Court website reveals that the petitioner filed an application for post-conviction relief on October 14, 2010.[2] The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act is a viable state-court remedy. *See Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 (4th Cir. 1977). Further, if Petitioner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he can file an "appeal" (petition for writ of certiorari) in that post-conviction case. *See* § 17-27-100, South Carolina Code of Laws; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535 (1985).

Therefore, since the petitioner has yet to exhaust at least two (2) viable state court remedies — a pending application for post-conviction relief (Case No. 2010-CP-45-00422) and, if necessary, an "appeal" (petition for writ of *certiorari*) in the post-conviction case, this court should not keep this case on its docket while the petitioner is exhausting his state court remedies. *See*

---

[2]This federal court may take judicial notice of factual information located in postings on governmental websites in the United States. *See In Re Katrina Canal Breaches Consolidated Litigation*, 533 F. Supp. 2d 615, 631-33 & nn. 14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); and *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n. 4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).



3

*Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981): "When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition." *See also Pitchess v. Davis*, 421 U.S. 482, 490 (1975); and *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4 (4th Cir. 1993), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."

### *Recommendation*

Accordingly, it is recommended that the § 2254 petition be dismissed *without prejudice and without requiring the respondent to file an answer or return*. See *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, No. C 94-3649 VRW, 1995 WL 150451 (N.D. Cal. March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

The petitioner's attention is directed to the important notice on the next page.

November 18, 2010  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



5